# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN EDGARDO PEREZ PEREZ
(A-No. 222-560-814)[1],

Petitioner,

v.

WARDEN, MESA VERDE DETENTION
CENTER, et al.,

Respondents.

Case No. 1:26-cv-02692-JLT-SKO

ORDER GRANTING THE PETITION FOR
HABEAS CORPUS AND DIRECTING
RESPONDENTS TO PROVIDE A
SUBSTANTIVE BOND HEARING[2]

(Docs. 1, 2.)

## I.    INTRODUCTION

Before the Court for decision is Christian Edgardo Perez Perez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 7.)

_____

[1] In his brief, Petitioner states his Alien Number is A#215-838-023. (Doc. 1 at 3, ¶ 16.) However, in the I-213 File provided by Respondents, Petitioner's Alien Number is listed as A#242-172-715. (*See generally*, Doc. 7-1.) When the Alien Number provided by Petitioner is input into ICE's Online Detainee Locator System, there are no results. However, when the Alien Number provided by Respondents is input, the results correspond with Petitioner's name and country of origin. Therefore, for purposes of this motion, the Court will refer to the Alien Number provided by Respondents.

[2] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 7 at 2.) Because the Court orders Respondents to provide Petitioner with a bond hearing and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Nicaragua who first attempted to enter the United States in 2014. (Doc. 7-1 at 3) He was refused entry. *Id*. In 2019, Petitioner entered the country by boat and was not encountered by federal immigration officials. (Doc. 1 at 3.) Thereafter, in 2023, his wife and child entered the country and immigration officials placed them on parole status. (Doc. 7-1 at 3) Petitioner then submitted a rider on his spouse's asylum application, which was closed by that time. *Id*. at 2. Even still, apparently, his asylum application remains pending. *Id.* Though he was referred to removal proceedings, he was not placed in removal proceedings at that time. *Id*.

On February 18, 2026, while working as a painter at a Naval retiree home in Florida, Petitioner was detained by ICE and placed in removal proceedings. (Doc. 1 at 3; Doc. 7 at 1.) He is currently detained at Mesa Verde ICE Processing Center in Bakersfield, California.

The government filed an opposition to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 7.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO

2

(HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Thus, for the reasons set forth, the Court **ORDERS:**

1.    The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2.    Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 14 days of the date of this order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.    Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

///

4.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

_____
UNITED STATES DISTRICT JUDGE